DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
I-CHE LAI, ESQ.
Nevada Bar No. 12247
**JACKSON LEWIS P.C.**
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: deverie.christensen@jacksonlewis.com
Email: i-che.lai@jacksonlewis.com

*Attorneys for Defendant JT4, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHNNY L. HILL, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JT4, L.L.C., a foreign limited liability company,<br><br>　　　　　Defendant. | Case No. 2:25-cv-01118-JAD-BNW<br><br>**DEFENDANT'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

　　　　Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, Defendant JT4, LLC, by and through its counsel of record, Jackson Lewis, P.C., submit the following proposed discovery plan and scheduling order.

　　　　**Fed. R. Civ. P. 26(f) Conference:** On September 12, 2025, Johnny L. Hill and I-Che Lai, as counsel for Defendant, participated in a discovery and scheduling conference to discuss all issues required by Fed. R. Civ. P. 26(f) and LR 26-1. Defendant emailed Plaintiff a proposed joint discovery plan and scheduling order and asked him to review and, if the draft is acceptable, sign the proposed joint discovery plan and scheduling order. Defendant had also informed Plaintiff that this Court required the submission of the proposed discovery plan and scheduling order on September 24, 2025. However, as of the time of this filing, Defendant did not receive a response from Plaintiff—even after Defendant called Plaintiff and left a voicemail.

　　　　**Fed. R. Civ. P. 26(a) Initial Disclosures:** Defendant proposes that the parties serve their respective Fed. R. Civ. P. 26(a)(1) initial disclosure by October 8, 2025, which is 14 days after

today. Defendant does not believe that any other changes are necessary as to the timing, form, or requirement for disclosure under Fed. R. Civ. P. 26(a).

Defendant now proposes the following discovery plan:

1. **Discovery Cut-Off Date:** Discovery will take 180 days, measured from July 18, 2025, which is the date Defendant answered the complaint. This means all discovery must be completed by **January 14, 2026**.

2. **Amending the Pleadings and Adding Parties:** The last day to file motions to amend pleadings or to add parties is **October 16, 2025**, which is not later than 90 days before the close of discovery.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** 60 days before the close of discovery is Saturday, November 15, 2025. Under Fed. R. Civ. P. 6(a)(1)(C), the disclosure of experts and expert reports shall occur by **November 17, 2025**. Disclosure of rebuttal experts and their reports shall occur by **December 17, 2025**, which is 30 days after the initial expert disclosure deadline.

4. **Dispositive Motions:** Dispositive motions may be filed no later than **February 13, 2026,** which is 30 days after the close of discovery. In the event that the discovery period is extended from the discovery cut-off date set forth in this stipulated discovery plan and scheduling order, the date for filing dispositive motions shall be extended for the same duration, to be no later than 30 days from the subsequent discovery cut-off date.

5. **Pretrial Order:** The pretrial order shall be filed by **March 16, 2026**, which is the first business day following 30 days after the date set for filing dispositive motions. *See* Fed. R. Civ. P. 6(a)(1)(C). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after the decision of the dispositive motions or until further order of this Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this stipulated discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

7. **Alternative Dispute Resolution:** The parties discussed the possibility of mediation and arbitration and will continue those discussions as appropriate as the case continues. Defendant plans to participate in good faith at the Early Neutral Evaluation on October 9, 2025 [ECF No. 12].

8. **Alternative Forms of Case Disposition:** The parties have discussed the possibility of trial by the magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. Defendant agrees that this case is properly suited before the District Judge.

9. **Electronic Information:** Defendant does not, at this time, anticipate any issues regarding disclosures, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. Defendant proposes that ESI can be produced in paper form or as a readable image file (e.g., .pdf or .tiff), while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. Defendant further proposes that non-ESI documents will be produced in paper form or as a readable image file (e.g., .pdf or .tiff) to the extent practicable. The parties shall meet and confer and otherwise work in good faith with respect to the production of ESI should any dispute arise.

10. **Electronic Evidence**: The parties have not discussed the presentation of evidence in electronic format since it is inapplicable with the absence of the appropriate demand.

11. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-3, Defendant proposes that a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein to be made no later than 21 days before the subject deadline.

12. **Electronic Filing and Service:** The attorneys of record in this case are registered for electronic filing with this Court. Any documents electronically filed with this Court are

deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court.

13. **Scope of Discovery**: Unless otherwise limited by subsequent stipulations and/or orders of this Court, Defendant proposes that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

14. **Discovery Phases**: Defendant does not believe it is necessary to conduct discovery in phases.

15. **Privileged or Protected Documents:** Defendant is not aware of any issues regarding claims of privilege or protection that need to be specifically addressed at this time.

Dated: September 24, 2025

JACKSON LEWIS P.C.

/s/ Deverie J. Christensen
Deverie J. Christensen, #6596
I-Che Lai, #12247
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant JT4, LLC*

### ORDER

The above proposed discovery plan and scheduling order (ECF No. 18) is GRANTED. Plaintiff's proposed discovery plan and scheduling order (ECF No. 19) is DENIED as moot. **IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATED: September 26, 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 24th day of September, 2025, I caused to be served via electronic mail, a true and correct copy of the above foregoing **DEFENDANT'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** properly addressed to the following:

> Johnny L. Hill
> 8501 W. University, Unit #2046
> Las Vegas, NV 89147
> johnnylhill@aol.com
>
> *Pro Se Plaintiff*

                                              */s/ Rebecca Portelli*
                                              Employee of Jackson Lewis P.C.

4938-0742-3852, v. 1